BACKER v. UNITED STATES GAS FIXTURE CO. OF CITY OF NEW YORK.

(Supreme Court, Appellate Term. June 22, 1903.)

1. CORPORATIONS—OFFICERS—AUTHORITY TO CONTRACT.

In an action against a corporation for a percentage of certain claims collected by defendant, a paper bearing the corporate seal, and signed by the treasurer, agreeing that, in event the company should collect certain claims, they would pay the plaintiff one-third of the proceeds, was not admissible in evidence, in the absence of any showing of special authority given the treasurer for entering into such agreement, he having no general authority so to do.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by George Backer against the United States Gas Fixture Company of the City of New York. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

J. A. Seidman, for appellant.
Jacob Gordon, for respondent.

MacLEAN, J. On April 4, 1902, the plaintiff, then or theretofore president of the defendant company, executed to that company under seal, and in consideration of $1 and other valuable considerations, a general release of all claims which he then had or ever had against it, excepting certain commissions, not shown to be material in this action. Later in the same day, and apparently in an individual transaction, he was given a paper, sealed with the seal of the company, and signed by Badanes as its treasurer, reciting that in consideration of $1 it was agreed that, in the event the company should collect claims against five persons therein named, it would pay the plaintiff one-third of the proceeds realized upon collection of the claims. This paper was received in evidence upon proof of the signature and the authenticity of the seal. It should have been excluded upon the de-

fendant's objection and proper exception. Nothing was shown or offered to prove that the signer had special or apparent authority to so act, and, as his office was not one attended with inherent general executive authority for the conduct and management of the corporate business, the paper signed, sealed, and delivered by him did not afford even presumptive evidence of an obligation on the part of the defendant. It was attempted to prove, but abortively, that the corporation had ratified the agreement by collecting two of the claims mentioned in it by showing that some check had been given to the company's attorney for one .of the claims, and that something had been received by the same attorney in settlement of another, but it was not shown that the company had realized anything. The jury found, and was allowed to find, against objection and exception, for the full amount demanded in the complaint, which, in view of the evidence, was excessive. Judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.